IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

| | | |
|---|---|---|
| JACQUITA PULLER, | ) | Case No.: 3:05bk01881 |
| *Debtor,* | ) | Chapter 7 |
| | ) | |
| JACQUITA PULLER, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Adv. Proc. No.: _____ |
| | ) | |
| NATIONWIDE RECOVERY | ) | |
| SYSTEMS, LTD., AFNI, INC. and | ) | |
| CINGULAR WIRELESS, LLC | ) | |
| *Defendantss,* | ) | |
| _____ | ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Jacquita L. Puller, and brings this Complaint against Nationwide Recovery Systems, LTD, AFNI, Inc. and Cingular Wireless, LLC ("Defendants") and in support thereof states as follows:

1. This Complaint is filed by the Debtor in the above-captioned Chapter 7 Bankruptcy case. This Court, thus has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to *28 U.S.C. § 1334*. This proceeding is a core proceeding.

2. That the Defendant, Nationwide Recovery Systems, LTD ("Nationwide Recovery") has its principal office located at 2304 Tarpley Road, Suite 134, Carrollton, TX 75006. The registered agent for service of process for Nationwide Recovery is CT Corporation System, 707 Virginia Street East, 16th Floor, Charleston, WV 25301.

3. That the Defendant, AFNI, Inc. ("AFNI") has its principal office located at 404 Brock Drive, Bloomington, IL 61701. The registered agent for service of process for AFNI is CT Corporation System, 707 Virginia Street East, 16th Floor, Charleston, WV 25301.

4. That the Defendant, Cingular Wireless, LLC ("Cingular") has its principal office located at 5565 Glenridge Connector, Suite 1725B, Atlanta, GA 30342. The registered agent for Cingular is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

5. That on or about the 27th day of April, 2005, the Defendants received notice of Plaintiff's Bankruptcy filing, a copy of the B9A – Notice of Bankruptcy is attached hereto and incorporated herein by reference as *Exhibit "A."*

6. The Plaintiff's debts were discharged in said Bankruptcy Case No. 05-01881 by Order of this Court on August 3, 2005, pursuant to *U.S.C. §727 and §524*, attached hereto and incorporated herein by reference as *Exhibit "B"* is a true copy of Ms. Puller's Notice of Discharge.

7. That the Plaintiff's claim falls within the scope of the applicable automatic stay and permanent discharge injunction.

8. That the Plaintiff, while attempting to take advantage of the fresh start in life and clear field for future endeavor, tried to obtain a loan through First American Mortgage to purchase a home.

9. That as part of the aforesaid transaction, a copy of the Plaintiff's credit file was obtained and reviewed by the potential lender. Please see said credit file attached hereto and incorporated herein as **Exhibit "C."**

10. That First American Mortgage denied the Plaintiff's application, in part, due to delinquent credit obligations. Please see said denial attached hereto and incorporated herein as **Exhibit "D."**

Case 3:06-ap-00162   Doc 1   Filed 08/22/06   Entered 08/22/06 14:33:56   Desc Main
Document   Page 2 of 10

Puller v. Nationwide Recovery, AFNI and Cingular
Page 2 of 10

11. That the Plaintiff was confused and could not understand the "delinquent credit obligations" as she had filed bankruptcy and therefore did not have any delinquent credit obligations and as such contacted counsel for assistance with correcting her credit file.

12. That upon reviewing the Plaintiff's credit file, Counsel noted that the Defendants, National Recovery, AFNI and Cingular, are improperly reporting the discharged debt to Experian, Transunion, and Equifax as an open account that is "unpaid" and "collection" with a balance owing in an amount ranging from $566.00 to $679.00.

13. Further, the Plaintiff disputed the debt listed by Cingular through its agent, Nationwide Recovery, as is evidenced by the attached credit report and the only remark is "investigating" which clearly indicates that the Plaintiffs dispute remains unresolved and thus her attempts to correct her credit file through the mechanism of the Fair Credit Reporting Act has been unsuccessful.

14. That Experian, Transunion and Equifax are consumer reporting agencies as defined by the Fair Credit Reporting Act, *15 U.S.C §1681f*.

15. That Exprian, Transunion and Equifax maintain credit files, such as Exhibit "C", in the ordinary course of business and reports information furnished by creditors such as the Defendants herein.

16. That the Defendants, National Recovery, AFNI and Cingular, did in fact continue to report to Experian, Transunion and Equifax that the Plaintiff owed an amount ranging from $566.00 to $679.00, and that this amount was "unpaid" and "collection".

17. That the subject debt was dischargeable and in fact had been discharged.

18. That the Defendants willfully and knowingly continued to attempt to collect the debt throughout the bankruptcy proceedings and after the discharge was entered by continuing to

willfully, knowingly and improperly report a debt that was discharged as a part of the underlying proceedings to Experian, Transunion and Equifax without the proper bankruptcy updates, including "discharged in bankruptcy" and to reflect a zero balance due, thus causing the Debtor to be denied credit when she attempted to obtain a loan.

19. That the Defendants continued said improper reporting in an attempt to collect the debt as the Defendants are fully aware that the denial of future credit would only serve to force Ms. Puller to pay the discharged debt to avoid the denial of credit and the embarrassment from same in future transactions.

20. That the Defendants send collection letters to its delinquent customers which include the threat of placing a notation such as "collection, past due, unpaid or charge off" in the customers' credit files.

21. That the Defendants send those letters as an act to collect debts.

22. That the Defendants train its telephone debt collectors to use the threat of placing a notation such as "collection, past due, unpaid or charge off" in the consumers' credit files.

23. That the Defendants use those collection phone calls as an act to collect debts.

24. That threatening to place a notation such as "collection, past due, unpaid or charge off" in a consumer's credit file is an act to collect the debt.

25. That when the Defendants place a notation such as "collection, past due, unpaid or charge off" in a consumer's credit file, it does so with the intention of collecting the debt.

26. That the Defendants in fact collect payments on many debts as a result of using the threat of placing a notation such as "collection, past due, unpaid or charge off" in the consumers' credit files.

27. That placing "collection, past due, unpaid or charge off" in the consumers' credit

files is an act to collect the debt.

28. That the credit reporting industry standard protocol METRO 2 directs that accounts discharged in bankruptcy be reported as "Included in Bankruptcy" with no balance.

29. The Federal Trade Commission Commentary on the Fair Credit Reporting Act directs that debts discharged in bankruptcy be reported with a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt.

30. That when the Defendants properly update a consumer's credit file with "Included in Bankruptcy", it renounces any intention to collect a debt.

31. That when the Defendants properly update a consumer's credit file with a zero balance due, it renounces any intention to collect a debt.

32. That, by continuing to improperly report the discharged debt, the Defendants did not renounce its intention to collect the debt.

33. That by continuing to improperly report the discharged debt as collection with a balance remaining due and owing, Defendants made an affirmative representation to the credit industry that the debt remained due, owing and legally collectable despite the discharged bankruptcy.

34. That by continuing to improperly report that the discharged debt remained due and owing, the Defendants intended to use that representation as an attempt to collect the debt.

35. That the improper reporting of the discharged debt as due and owing is the exact type of creditor shenanigans prohibited by the Bankruptcy Code because it encourages payment in spite of the bankruptcy. It is an attempt to collect the discharged debt to which inexperienced, frightened and ill-counseled Debtors may succumb.

36. That the Defendants report balances on their accounts to credit reporting agencies

Case 3:06-ap-00162    Doc 1    Filed 08/22/06    Entered 08/22/06 14:33:56    Desc Main
Document      Page 5 of 10

in the ordinary course of business.

37. That the Defendants are aware that the balances it reports influences the conduct of other lenders.

38. That the Defendants wish to influence the conduct of other lenders in ways that increases the chances that its accounts will be paid.

39. That the Defendants are aware that the improper reporting of the discharged debt influences the conduct of other creditors and further uses this influence to increase the chances that its accounts will be paid.

40. That reporting a balance on an account is an act to collect the debt. It is the type of creditor shenanigans prohibited by the Bankruptcy Code because it encourages payment in spite of the bankruptcy. It is an attempt to collect the discharged debt to which inexperienced, frightened, or ill-counseled debtors may succumb.

41. That, the Defendants receive hundreds of Fair Credit Reporting disputes each year which disputes credit report entries showing "collection, past due, unpaid or charge off" instead of "Included in Bankruptcy." Those Fair Credit Reporting disputes put the Defendants on notice that their current system of reporting the status of discharged debts has a substantial error rate.

42. In spite of notice, the Defendants have not taken the necessary steps to achieve a rate of accuracy expected in the banking system; nor a rate of accuracy evidencing good faith compliance with the orders of this, and other United States Bankruptcy Courts.

43. That the Defendants is aware that this substantial rate of improper reporting leads to a small, but not insignificant number of accounts that are later paid by poorly advised Debtors as part of other credit transactions.

44. That by accepting post bankruptcy payments on accounts noted as "collection, past

Case 3:06-ap-00162    Doc 1    Filed 08/22/06    Entered 08/22/06 14:33:56    Desc Main
Document      Page 6 of 10

due, unpaid or charge off" with a past due balance, the Defendants ratify that said entries are intentional actions to collect a discharged debt.

45. By tolerating the high rate of improper reporting of discharged debts, the Defendants ratifies that the improper reporting entries are intentional and are done in an attempt to collect the discharged debt because the misrepresentations are profitable since as they have the effect of causing some Debtors to pay discharged debts. Misrepresenting the status of a discharged debt is an intentional act by the Defendants.

46. The Defendants have a practice and pattern of conduct in violation of this discharge Order and other U.S. Bankruptcy Court Orders as this conduct has the effect of causing some debtors to pay discharged debts.

47. That, as a result of the actions and inaction of the Defendants, the Plaintiff has been deprived of part of her fresh start. Plaintiff cannot look forward to a clear field for future endeavor.

48. That, as a result of the actions or inaction of the Defendants, Plaintiff has been denied a home loan and will continue to be denied loans for which she would otherwise qualify because the Defendants placed "collection, past due, unpaid or charge off" with a past due balance in the Plaintiff's credit file.

49. That, as a result of the actions or inaction of the Defendants, Plaintiff cannot finance a car or rent an apartment or perform any other financial transaction without providing copies of her bankruptcy paperwork in order to show that the discharged debt has in fact been discharged.

50. Plaintiff will face embarrassment and humiliation when some entities will refuse her business because the Defendants have improperly reported a discharged debt in her credit file,

even though the Plaintiff can show by Order of this Court that the discharged debt has in fact been discharged.

51. That the Plaintiff will face higher costs in many types of consumer transactions because the Defendants have improperly reported a discharged debt in her credit file.

52. Plaintiff, a relatively unsophisticated consumer, may be unable to successfully correct her credit file through the mechanism of the Fair Credit Reporting Act and therefore has sought the assistance of Counsel.

53. That the public purpose of the bankruptcy code is to restore the normal flow of commerce.

54. That the Defendants' misrepresentation of the status of the discharged debt interferes with the public purpose of the bankruptcy code.

55. Plaintiff seeks to protect the public interest, as well as her own as a majority of Debtors in this U.S. Bankruptcy Court are deprived of part of their fresh start because of actions and/or inactions of creditors similar to those of the Defendants.

56. The Defendants willfully and intentionally continued its collection efforts and attempted to coerce the Debtor into paying the debt, in direct violation of the automatic stay pursuant to *11 U.S.C. § 362* thereby frustrating the purpose of the automatic stay.

57. That the Defendants willfully and intentionally continued to attempted to collect a discharged debt in direct violation of the permanent discharge injunction, pursuant to *11 U.S.C. § 524(a)* thereby denying and depriving the Debtor the right to a fresh start after the bankruptcy proceeding.

58. That the Defendants willfully and intentionally caused the Plaintiff to be discriminated against as a result of the Plaintiff not paying a debt that has been discharged in

Case 3:06-ap-00162    Doc 1    Filed 08/22/06    Entered 08/22/06 14:33:56    Desc Main
Document      Page 8 of 10

Bankruptcy in direct violation of *11 U.S.C. § 525(a)* thereby denying and depriving the Debtor the right to a fresh start after the bankruptcy proceeding.

## COUNT I

The Defendants have continued to place and list said debt despite its knowledge of the Bankruptcy, which constitutes willful violations of the discharge injunction of *11U.S.C. §524.*

## COUNT II

The Defendants have continued attempts to collect the debt through its improper reporting despite having received a discharge in a Chapter 7 Bankruptcy which constitutes willful violations of the discharge injunction of *11U.S.C. §524.*

## COUNT III

The Defendants caused the Plaintiff to be discriminated against as a result of not paying a discharged debt in violation of *11 U.S.C. 525(a).*

## COUNT IV

Ancillary claim pursuant to West Virginia State Law:

    a.    The Plaintiff brings this ancillary claim under West Virginia State Law pursuant to the West Virginia Consumer Credit Protection Act.

    b.    Pursuant to *West Virginia Code § 46a-2-122*, the Plaintiff is a consumer.

    c.    Pursuant to *West Virginia Code § 46a-2-122*, the Defendants is a debt collector.

    d.    That the Defendants had a duty when attempting to collect a debt within the State of West Virginia, not to violate the West Virginia Consumer Credit and Protection Act, which it did in the following ways:

I. **Violation of *West Virginia Code § 46a-2-124(f),*** by attempting to collect a debt that had been prohibited by 11 U.S.C. § 524.

II. **Violation of *West Virginia Code § 46a-2-127(d),*** by representing that they had a claim against the Plaintiff, that they knew or reasonably should have known that the debt had been discharged in Bankruptcy and that the debtor no longer possessed said property and therefore, they had no right to collect same.

WHEREFORE, Plaintiff's pray that this Court:

A. Find that the Defendants are in contempt of this Court for violating *11 U.S.C. § 524:*

B. Find that the Defendants are in violation of the West Virginia Consumer Credit and Protection Act, particularly, *West Virginia Code § 46a-2-124(f), W.V.C. § 46a-2-127(d) and W.V.C. § 46a-2-128(e).*

C. Award the Plaintiff injunctive relief, damages, cost and attorneys fees pursuant to *11 U.S.C. § 105a* and ancillary *46a-5-101 and 46a-5-104.*

D. Enjoin the Defendants from improperly reporting the discharged debt as due and owing to any other entities.

E. And order such other and further relief as this Court deems just and proper.

Dated this 21st day of August, 2006.                              **JACQUITA L. PULLER**
                                                                                                    By counsel

 **/s/ Kirk H. Bottner**
KIRK H. BOTTNER, Esquire
WV Bar No.: 7128
P.O. Box 344
Charles Town, WV 25414
(304) 728-0158